16-2519-cv
Christine Asia Co. Ltd., et al. v. Jack Yun Ma, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand seventeen.

PRESENT:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            PETER W. HALL,
                        *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHRISTINE ASIA CO. LTD., TAI WILLIAM, ABEL AMOROS, ARTHUR GABRIEL, RAYMOND LEE, individually and on behalf of all others similarly situated,

                        *Plaintiffs-Appellants*,

GANG LIU,

                        *Movant-Appellant*,

                        v.                                    16-2519-cv

JACK YUN MA, JOSEPH C. TSAI, JONATHAN ZHAOXI LU, MAGGIE WEI WU, ALIBABA GROUP HOLDING LIMITED,

*Defendants-Appellees.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:   ROBERT K. KRY, MoloLamken LLP (Sarah J. Newman, *on the brief*), Washington, DC.

FOR MOVANT-APPELLANT:   LAURENCE M. ROSEN, The Rosen Law Firm (*on the brief*), New York, NY.

FOR DEFENDANTS-APPELLEES:   JAMES G. KREISSMAN, Simpson Thatcher & Bartlett LLP (Simona G. Strauss, Stephen P. Blake, *on the brief*), Palo Alto, CA, (Jonathan K. Youngwood, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions.

Plaintiffs-Appellants Christine Asia Co. Ltd., Tai William, Abel Amoros, Arthur Gabriel, Raymond Lee, individually and on behalf of all others similarly situated, and Movant-Appellant Gang Liu (collectively, "Plaintiffs") appeal from the judgment of the United States District Court for the Southern District of New York (McMahon, *J.*) dismissing their class action complaint on behalf of all those who purchased American Depository Shares ("ADSs") or call options to purchase ADSs of Alibaba Group Holding Limited ("Alibaba") between September 19, 2014, and January 29, 2015. The defendants named in the complaint are Alibaba and its most senior executives: founder and Executive Chairman Jack Yun Ma, co-founder and Executive Vice Chairman Joseph Tsai, Chief Executive Officer and director Jonathan Zhaoxi Lu, and Chief Financial Officer Maggie Wei Wu ("Individual Defendants," and collectively with Alibaba, "Defendants"). Plaintiffs sued Defendants for securities fraud in connection with Alibaba's initial public offering ("IPO") of its securities, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5. The court dismissed the complaint under Fed. R. Civ. P. 12(b)(6), ruling that it failed to state a claim upon which relief could be granted. We

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

assume the parties' familiarity with the procedural history and specification of issues for review.

We review de novo a dismissal under Rule 12(b)(6). *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99—100 (2d Cir. 2015). Securities fraud claims must meet the pleading requirements set forth in Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(b). *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

To state a claim under Section 10(b) and Rule 10b-5, "a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *ATSI*, 493 F.3d at 105. As to all elements of the claim, a complaint must satisfy the test of *Ashcroft v. Iqbal*, which requires that it "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As for the element of scienter, the PSLRA imposes a more rigorous requirement that a complaint must "state with particularity facts giving rise to a strong inference" of the required state of mind. 15 U.S.C. § 78u-4(b)(2)(A). A "strong inference" of scienter is one that is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs v. Maker Issues & Rights*, 551 U.S. 308, 324 (2007). The district court dismissed Plaintiffs' Section 10(b) claim for failure to plead facts adequately supporting the first two elements, and dismissed the Section 20(a) claim for failure to allege an underlying violation of the securities laws. This was error.

As to each defendant, the complaint adequately alleges complicity with scienter in misstatements or omissions of material fact. The complaint alleges that Alibaba's public disclosures relating to its IPO concealed the fact that, on July 16, 2014, two months prior to the IPO, high level officials of China's "powerful" State Administration for Industry and Commerce ("SAIC") summoned Alibaba to an administrative guidance meeting. Although SAIC administrative guidance proceedings "are open to the public as a matter of [Chinese] law," this meeting was conducted in secret "to avoid exposing any negative information that might affect the progress of Alibaba's upcoming IPO." At the meeting, SAIC warned that unless Alibaba ceased to host a marketplace for the sale of counterfeit goods on its website, it would be subjected to huge repeating fines of 1% of daily gross merchandise value sold on Alibaba's e-commerce platforms. The complaint asserts that this concealed information was highly material to investors because the threat required Alibaba to choose between giving up an important source of its revenue or risking enormous fines, where either outcome would have significant

negative impact on Alibaba's revenues and on the success of its IPO. The importance of this information to investors is illustrated by the fact that, when it was revealed four months subsequent to the IPO, Alibaba's stock dropped 13% in two days, erasing $33 billion in market capitalization. Alibaba's IPO raised $25 billion and was the largest in history. Given the eventual market reaction to revelation of the information that was concealed at the time of the IPO, its revelation would likely have had a multi-billion dollar negative effect.

The alleged omitted facts constituted material information of substantial interest to prospective investors in the company's planned initial public offering ("IPO"). *See, e.g.*, *Basic Inc. v. Levinson*, 485 U.S. 224, 231—32 (1988) (materiality requires "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available" (citation omitted)). Accepting Plaintiffs' allegations as true, Defendants had a duty to disclose these facts, in a manner that accurately conveyed the seriousness of the problems Alibaba faced, so as not to render Defendants' public disclosures "inaccurate, incomplete, or misleading." *See Stratte-McClure*, 776 F.3d at 101. For substantially the same reasons, Defendants had a duty to disclose under Regulation S-K, 27 C.F.R. § 229.10 ("Item 303").

In dismissing the complaint, the district court inappropriately discredited significant allegations on which Plaintiffs' claims relied, failing to treat the complaint in the light most favorable to the Plaintiffs, and to draw reasonable inferences in the Plaintiffs' favor, as required with respect to a motion to dismiss under Rule 12(b)(6). *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013). For example, the district court accepted Alibaba's argument that the rapid withdrawal of the SAIC's White Paper meant the paper was "unauthorized and, hence, not to be trusted," *Christine Asia Co. v. Alibaba Group Holding Ltd.*, 192 F. Supp. 3d. 456, 473 (S.D.N.Y. 2016), rather than crediting Plaintiffs' proffered reasonable inference that the withdrawal resulted from Alibaba's influence over Chinese regulators.

The complaint adequately pleads scienter. The scienter analysis has no bright line rules. It can be established by showing "strong circumstantial evidence of conscious misbehavior or recklessness." *Indiana Public Retirement System v. SAIC*, 818 F.3d 85, 96 (2d Cir. 2016) (citation omitted). Among the ways of demonstrating strong circumstantial evidence of scienter are by detailing "reckless disregard of a known or obvious duty to disclose," *id.*, including "conduct that is highly unreasonable, representing an extreme departure from the standards of ordinary care," *Advanced Battery Tech. v. Bagell*, 781 F.3d 638, 644 (2d Cir. 2015) (citation omitted), such that

"danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Rothman v. Gregor*, 220 F.3d 81, 90 (2d Cir. 2000) (citation omitted).

Considering "*all* of the facts alleged, taken collectively," *Tellabs*, 551 U.S. at 323, Plaintiffs adequately plead strong circumstantial evidence of scienter. The July 16, 2014 secret meeting conducted by SAIC was attended by high level Alibaba officers, including Chief Risk Officer (and Alibaba Partner) Xiaofeng Shao, as well as senior managers of each of Alibaba's primary business units. The complaint alleges that the managers of Alibaba's business units who attended the meeting reported directly to Defendants Lu or Wu. Considering the high-level nature of the meeting, the seniority of the attendees, its conduct in secret, and the huge potential impact of the SAIC's threat made at the meeting on Alibaba and its imminent IPO, it is virtually inconceivable that this threat was not communicated to the senior level of Alibaba's management, i.e. the individual Defendants.

Defendants' subsequent failure to disclose the meeting concealed the true facts about the threat to the company that had been communicated by the government of China. This omission rises to at least "a reckless disregard of a known or obvious duty to disclose," *Indiana Public Retirement System*, 818 F.3d at 96, and thus powerfully supports a strong inference that the Defendants acted with scienter. The individual Defendants' mental states are imputed to Alibaba, and therefore the complaint also adequately pleads scienter for Alibaba. *See Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008).

The judgment of the district court is VACATED and the case REMANDED for further proceedings.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk